IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NATHANIEL ERIC COTTON                                                                                      PLAINTIFF

v.                          Civil No. 3:22-cv-03038-TLB-MEF

JAIL ADMINISTRATOR HETTIE PARKER,
Searcy County Detention Center                                                                           DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Orders of the Court.

**I.      DISCUSSION**

On November 3, 2022, Defendant filed a Motion to Dismiss. (ECF No. 12). The following day, an Order (ECF No. 15) was entered directing Plaintiff to file a response to the Motion to Dismiss by November 25, 2022. Plaintiff was advised that failure to respond to the Order would result in the dismissal of this case.

Plaintiff did not file a response to the Motion to Dismiss by November 25, 2022. On November 30, 2022, a Show Cause Order (ECF No. 16) was entered. Plaintiff was given until December 21, 2022, to show cause why he failed to obey the Order of the Court. Plaintiff was advised that if he failed to respond to the Show Cause Order the case shall be subject to dismissal.

To date, Plaintiff has not filed a response to the Motion to Dismiss or a response to the Show Cause Order. He has not requested an extension of time to file his responses. No mail has

1

been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders. (ECF Nos. 15 & 16).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

For these reasons, pursuant to Rule 41(b) and Local Rule 5.5(c)(2), it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case and his failure to obey the orders of the Court.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 3rd day of January 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE